Filed 1/16/26  Williams v. Tata Consultancy Services CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

|  |  |
|---|---|
| JESSAMYN WILLIAMS,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TATA CONSULTANCY SERVICES, LTD.,<br><br>    Defendant and Appellant. | B342796<br><br>(Los Angeles County<br>Super. Ct. No. 24SMCV01432) |

APPEAL from an order of the Superior Court of Los Angeles County.  Lisa K. Sepe-Wiesenfeld, Judge.  Affirmed.

Sheppard, Mullin, Richter & Hampton, Adam R. Rosenthal, Keith A. Goodwin, and Rachel N. Schuster for Defendant and Appellant.

Daniel Low for Plaintiff and Respondent.

_____

# INTRODUCTION

Defendant Tata Consultancy Services, LTD. (TCS) appeals from the trial court's order denying its motion to compel arbitration of plaintiff Jessamyn Williams's single cause of action under the Private Attorneys General Act of 2004 (PAGA) (Lab. Code,[1] § 2698 et seq.). TCS argues the court erred in finding Williams did not assert an individual PAGA claim that must be arbitrated. We disagree and conclude Williams asserted only a nonindividual PAGA claim that falls outside the scope of the parties' arbitration agreement. Accordingly, we affirm.

# BACKGROUND

TCS is a multi-national corporation that provides technology and consulting services, and business solutions to companies throughout the world. TCS is headquartered in Mumbai, India, but it operates in over forty countries and has employees located throughout the world. One of TCS's subsidiaries is Tata America International Corporation ("TAIC"), which is incorporated in New York and offers technology, consulting, and computer systems integration services across the United States. TCS and TAIC share human resource services, including those related to recruitment, onboarding, and personnel record maintenance.

In January 2019, TAIC hired Williams to work as an "Engagement Manager" in California. The same day Williams was hired, TCS sent her several documents to review as a condition of her employment, including a "Mutual Agreement to Arbitrate Disputes." Williams signed the arbitration agreement.

---

[1] All undesignated statutory references are to the Labor Code.

2

The arbitration agreement that Williams signed required her to arbitrate "any claim, dispute, or controversy arising out of or relating" to her employment with TCS, including any claims brought under the Labor Code. The agreement excluded from arbitration any claims for workers' compensation and unemployment insurance compensation benefits and, "to the extent required by law, administrative claims or charges before applicable federal and state administrative agencies (such as the Equal Employment Opportunity Commission or comparable state agency, and any unfair labor charge which is to be brought under the National Labor Relations Act)." The agreement required the parties to bring claims in their individual capacity, and it precluded an arbitrator from presiding "over any form of a representative or class proceeding." The agreement also stated that any arbitration conducted under its terms "shall be governed by the Federal Arbitration Act ("FAA") [9 U.S.C. § 1 et seq.] and California Code of Civil Procedure sections 1280, et seq. (including without limitation section 1283.05 and its mandatory and permissive rights to discovery)." Finally, the agreement included a severability clause, stating that "[s]hould any provision of the [agreement] be deemed unenforceable or invalid, such provision shall be severed and the remainder of this agreement shall be enforceable to the fullest extent of the law."

Over the course of her employment, Williams worked remotely from California as part of a "multistate team," and she interacted with customers and managers located outside of California. Williams stopped working for TAIC in September 2023.

In March 2024, Williams sued TCS. Williams's operative first amended complaint, which is titled "First Amended

3

Representative Action Complaint," asserted a single cause of action for civil penalties under PAGA "in her Representative Capacity, on Behalf of Aggrieved Current and Former Female Employees against TCS." Williams claimed that she was "not suing in her individual capacity; she [was] proceeding solely under PAGA, on behalf of the State of California for all aggrieved employees."

Williams alleged that TCS discriminated against its female employees, including herself, by: (1) paying female employees less than male employees performing the same or similar work; (2) giving female employees smaller annual pay raises than their male counterparts; (3) refusing to promote female employees to positions to which other similarly qualified male employees were promoted; (4) providing female employees fewer professional development opportunities than male employees received; and (5) giving female employees less favorable job assignments than similarly situated male employees. Williams also alleged that male employees were overrepresented in the company's leadership and that men in leadership positions frequently made sexist and discriminatory remarks about female employees. To support her allegations, Williams detailed examples of discrimination that she experienced while working for TCS, while also including anecdotes of discrimination from other female employees.

Williams asserted that TCS violated its current and former female employees' rights under various provisions of the Labor Code, including under the Equal Pay Act (Lab. Code, § 1197.5 et seq.). Williams alleged that she was "an aggrieved employee with standing to bring this representative claim because she worked for [TCS] and was someone against whom

4

the violations of the California Labor Code . . . were committed." Williams sought "to collect civil penalties on behalf of Current and Former Female Employees against TCS as allowed under [Labor Code section] 2699[, subdivisions] (a) and (f)" and an award of costs and attorney fees under Labor Code section 2699, subdivision (g).

TCS moved to compel Williams to arbitrate the individual component of her PAGA claim and to stay any court proceedings on the representative component of her PAGA claim. As a threshold matter, TCS argued that the parties entered an enforceable arbitration agreement and that the FAA governed that agreement. TCS also argued that the parties' arbitration agreement required Williams to arbitrate any disputes that she had with the company in her individual capacity, including any individual claim brought under PAGA. TCS contended that to the extent Williams sought to assert only a representative, and not an individual, PAGA claim, she was precluded from doing so because PAGA does not permit a plaintiff to assert only a claim on behalf of other aggrieved employees without also asserting a claim on his or her own behalf. To the extent Williams would be permitted to assert only a representative PAGA claim, TCS argued, she nevertheless should be required to submit to arbitration the issue whether she has standing to bring such a claim.

In her opposition, Williams argued that TCS's motion should be denied because she did not bring any claims against the company subject to the parties' arbitration agreement, including any claims brought in her individual capacity. Williams claimed that she brought only a nonindividual claim under PAGA on behalf of current and former female TCS

5

employees, which was not covered by the parties' arbitration agreement. Williams also argued that PAGA allows a plaintiff to assert only a nonindividual claim without also asserting an individual claim on the plaintiff's behalf. Alternatively, Williams argued that even if her PAGA claim had an individual component, the entire claim would still be a representative claim under PAGA because she was bringing the claim as a proxy or agent of the state.

The court denied TCS's motion to compel arbitration, finding Williams did not assert any individual PAGA claims that would fall within the scope of the parties' arbitration agreement. The court explained: "The Court opts to follow the consistent authority providing that an action under PAGA is a law enforcement action, and under PAGA, an employee acts merely as a proxy and agent for the Labor Workforce Development Agency. . . . The Court 'is not bound by the United States Supreme Court's interpretation of PAGA.' . . . [TCS] argues that [Williams] admits she is pursuing individual claims under PAGA. This is based on [Williams's] argument that she is entitled to recover a portion of the PAGA penalties if she prevails in this action. [TCS] asks this Court to essentially conclude that all PAGA claims can be subject to arbitration because they all have an individual component, and any plaintiff who may receive a portion of the recovery has brought an individual claim, but the Court is not prepared to adopt such a drastic position. Put simply, the Court finds that there is no 'individual PAGA claim' because, again, a plaintiff who asserts a claim under PAGA asserts the claim as proxy and agent of the Labor Workforce Development Agency, not in an individual capacity."

TCS filed a timely appeal.

6

## DISCUSSION

TCS argues the court erred by denying its motion to compel arbitration because Williams asserted an individual PAGA claim against the company that falls within the scope of the parties' arbitration agreement.[2]  We disagree.

Where, as here, the evidence is not in conflict, we independently review the trial court's order denying arbitration. (*Fuentes v. TMCSF, Inc.* (2018) 26 Cal.App.5th 541, 547.)

Under PAGA, an aggrieved employee may bring an action on behalf of herself or himself and other current and former employees to recover civil penalties from their employer for Labor Code violations.  (§ 2669, former subd. (a);[3] see also *Adolph v. Uber Technologies, Inc.* (2023) 14 Cal.5th 1104, 1113 (*Adolph*).) A PAGA claim " ' " 'is fundamentally a law enforcement action' " ' " (*Adolph*, at p. 1117), and the aggrieved employee who files such a claim acts as a proxy or agent for the Labor and Workforce Development Agency (*id.* at p. 1113).

---

[2]  We grant TCS's request for judicial notice filed April 1, 2025, which includes legislative history materials concerning the enactment and amendment of sections 2699 and 2699.3.

[3]  Effective July 2024, the Legislature amended section 2699 to change, among other things, the standing requirements for asserting a PAGA claim and the rules for allocating an award of civil penalties between the Labor and Workforce Development Agency (LWDA) and the aggrieved employees.  (See § 2699; Stats. 2024, ch. 44 (Assem. Bill No. 2288, § 1, eff. July 1, 2024).)  This new version of section 2699 does not apply to this case because Williams notified the LWDA of TCS's alleged Labor Code violations before June 19, 2024.  (§ 2699, subd. (v).)

7

While all PAGA claims are representative in nature (see *Adolph*, *supra*, 14 Cal.5th at p. 1122), courts distinguish between PAGA claims seeking to recover civil penalties for Labor Code violations that the plaintiff personally suffered and those that seek to recover civil penalties for Labor Code violations suffered by other employees.  Courts use different terminologies to refer to these two classes of PAGA claims.  Some courts refer to the first class as "individual" PAGA claims, while other courts refer to them as "Type A" PAGA claims.  (See *Galarsa v. Dolgen California, LLC* (2023) 88 Cal.App.5th 639, 648–649.)  Some courts refer to the second class as "representative" PAGA claims, while others refer to them as "Type O" (for violations suffered by "other" employees) or "non-individual" PAGA claims.  (See, e.g., *Adolph*, at pp. 1117–1118 [distinguishing between "individual" and "non-individual" or "representative" PAGA claims]; *Galarsa*, at pp. 648–649 [distinguishing between "Type A" and "Type O" PAGA claims].)  For clarity's sake, we refer to the two classes of PAGA claims at issue in this case as "individual" and "nonindividual" claims.

In *Viking River Cruises, Inc. v. Moriana* (2022) 596 U.S. 639, the United States Supreme Court held that where the FAA applies, the act requires enforcement of an agreement to arbitrate a plaintiff's individual PAGA claim.  (*Viking River*, at pp. 659–662.)  The Court did not, however, disturb the California Supreme Court's holding in *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348 prohibiting the enforcement of a contractual waiver of a plaintiff's right to bring nonindividual PAGA claims against his or her employer.  (*Viking River*, at pp. 656–659, 662; see also *Adolph*, *supra*, 14 Cal.5th at pp. 1117–1118 [noting limits of *Viking River*'s holding].)  In response to

8

*Viking River*, the California Supreme Court held in *Adolph* that an order compelling a plaintiff to arbitrate his or her individual PAGA claims does not strip the plaintiff of his or her standing to pursue nonindividual PAGA claims in court. (*Adolph*, at p. 1123.)

As a threshold matter, TCS argues that the FAA applies in this case. The FAA applies to contracts that involve interstate commerce, as well as to those contracts that expressly state that the FAA governs the parties' agreement. (*Barrera v. Apple American Group LLC* (2023) 95 Cal.App.5th 63, 76.) Here, the parties' arbitration agreement states that the FAA applies, and TCS presented evidence showing that the parties' agreement evidences a transaction involving interstate commerce. Because Williams does not dispute that the FAA applies, we will assume it does for purposes of this appeal.

The next issue we must decide is whether Williams asserted in her operative first amended complaint an individual claim—either an individual PAGA claim, or another individual claim or dispute related to her employment with TCS—that must be arbitrated under the parties' arbitration agreement. We conclude she did not.

*Rodriguez v. Packers Sanitation Services LTD., LLC* (2025) 109 Cal.App.5th 69 (*Rodriguez*) is on point. There, the plaintiff signed an arbitration agreement that required him to arbitrate any disputes arising out of, or related to, his employment with his employer, except for claims that are exempted by law from arbitration. (*Id*. at p. 73.) The plaintiff, acting " 'in a Representative Capacity only,' " later sued his employer, seeking civil penalties under PAGA for Labor Code violations that the employer committed against the plaintiff " 'and all other

9

aggrieved employees.' " (*Id.* at pp. 72–73.)  The trial court denied the employer's motion to compel arbitration, finding none of the plaintiff's claims were subject to arbitration under *Iskanian*.  (*Id.* at p. 74.)

Division One of the Fourth District affirmed the trial court's decision.  (*Rodriguez, supra*, 109 Cal.App.5th at pp. 74–81.)  The appellate court rejected the employer's argument that the plaintiff's allegations that he suffered Labor Code violations committed by the employer showed that he intended to bring individual PAGA claims.  (*Id.* at pp. 76–77.)  As the court explained, those allegations were necessary to show the plaintiff was an aggrieved employee such that he had standing to bring a nonindividual PAGA claim.  (*Ibid.*)  The court also found that other aspects of the plaintiff's complaint showed that he did not assert any individual PAGA claims, such as the complaint's omission of the words " 'individual' " and " 'individually' " and the lack of any allegations explicitly seeking PAGA civil penalties for the alleged Labor Code violations that the plaintiff personally suffered.  (*Id.* at p. 77.)  Finally, the court accepted the plaintiff's representations on appeal that he was pursuing only nonindividual PAGA claims, explaining that the plaintiff would be estopped in future proceedings from attempting to assert any individual PAGA claims based on the same conduct alleged in his complaint.  (*Id.* at p. 77.)

Like the plaintiff in *Rodriguez*, Williams alleged that she was asserting a PAGA claim "in her Representative Capacity, on Behalf of Aggrieved Current and Former Female Employees against TCS."  Williams also titled her operative pleading as "First Amended *Representative* Action Complaint" (emphasis added), further supporting an inference that she did not allege

10

any individual claims against TCS.  Importantly, Williams went further than the plaintiff in *Rodriguez* to make clear that she was not pursuing any claims on her own behalf, stating in her pleading that she was "not suing in her individual capacity; she [was] proceeding solely under PAGA, on behalf of the State of California for all aggrieved employees."  Based on the language that Williams used in her complaint, we conclude that she has asserted only a nonindividual PAGA claim.

TCS contends that even if Williams intended to assert only a nonindividual PAGA claim, the trial court nevertheless should have granted its motion to compel arbitration because every PAGA claim necessarily includes an individual component.  To support this argument, TCS relies on *Leeper v. Shipt, Inc.* (2024) 107 Cal.App.5th 1001 (*Leeper*), review granted April 16, 2025, S289305.

In *Leeper*, the parties disputed whether the plaintiff asserted an individual PAGA claim that must be arbitrated under their arbitration agreement.  (*Leeper*, *supra*, 107 Cal.App.5th at p. 1008.)  The complaint in that case asserted a single PAGA cause of action based on multiple alleged Labor Code violations.  (*Id*. at pp. 1005–1006.)  The plaintiff stated in her complaint that she brought her PAGA claim " 'on a representative, non-individual basis,' " and she sought " 'non-individual' " remedies, including " 'non-individual civil penalties.' "  (*Id*. at p. 1006.)  The plaintiff also asserted in her complaint that because she alleged " 'only non-individual PAGA claims,' " the employer " 'cannot compel them to arbitrat[ion].' "  (*Ibid*.)  The trial court denied the employer's motion to compel arbitration, finding the plaintiff did not assert any individual

11

causes of action that fell within the scope of the parties' arbitration agreement.  (*Ibid.*)

On appeal, the employer argued that the trial court should have granted its motion to compel arbitration because "a necessary component of every PAGA action is an individual PAGA claim."  (*Leeper, supra,* 107 Cal.App.5th at p. 1008.)  Our colleagues in Division One agreed, interpreting section 2699, subdivision (a), to mean that every PAGA action "has *both* an individual claim component (plaintiff's action on behalf of the plaintiff himself or herself) *and* a representative component (plaintiff's action on behalf of other aggrieved employees)."  (*Leeper,* at p. 1009.)  Accordingly, the court held, every PAGA action includes an individual PAGA claim.  (*Ibid.*)  Based on the language of section 2699, subdivision (a), the court concluded that the plaintiff asserted an individual PAGA claim and reversed the trial court's order with directions to issue a new order compelling the parties to arbitrate the plaintiff's individual PAGA claim and staying litigation of her nonindividual PAGA claim.  (*Leeper,* at pp. 1012–1013.)

Since *Leeper* was decided, several published decisions have declined to follow it.  (See, e.g., *Rodriguez, supra,* 109 Cal.App.5th at pp. 78–80; *CRST Expedited, Inc. v. Superior Court* (2025) 112 Cal.App.5th 872, 897, fn. 8, review granted September 17, 2025, S292005 (*CRST Expedited*); *Galarsa v. Dolgen California, LLC* (2025) 115 Cal.App.5th 1, 10–15, review granted Dec. 17, 2025, S293545 (*Galarsa*).)  We too are not persuaded by *Leeper*.

In determining that the plaintiff asserted an individual PAGA claim, the court in *Leeper* focused only on the language of section 2699, subdivision (a), and not on the language of the

12

plaintiff's complaint. (See *Leeper*, *supra*, 107 Cal.App.5th at pp. 1008–1013; see also *Rodriguez*, *supra*, 109 Cal.App.5th at p. 80.) In other words, the court in *Leeper* did not focus on what the plaintiff alleged to determine whether she asserted an individual PAGA claim. Rather, the court decided that because an individual PAGA claim is a necessary component of a PAGA action, all PAGA actions, no matter how narrowly tailored a plaintiff's complaint may be, necessarily assert an individual PAGA claim. (*Leeper*, at pp. 1009–1010.)

A trial court's job when deciding a motion to compel arbitration is to determine whether the complaint asserts arbitrable claims, not whether its claims are adequately pled. (*Rodriguez*, *supra*, 109 Cal.App.5th at p. 80.) Indeed, it is well-settled that "[o]n a motion to compel arbitration, the [trial] court is required to determine whether the plaintiff has asserted claims that fall within the parties' arbitration agreement." (*Id.* at p. 80, citing *Aanderud v. Superior Court* (2017) 13 Cal.App.5th 880, 890; *EFund Capital Partners v. Pless* (2007) 150 Cal.App.4th 1311, 1321; *Buckhorn v. St. Jude Heritage Medical Group* (2004) 121 Cal.App.4th 1401, 1406.) If none of the plaintiff's claims fall within the scope of that agreement, the court must deny arbitration. (*Rodriguez*, at p. 80.) As we explained above, Williams's first amended complaint does not assert an individual PAGA claim. Thus, there was no such claim for the court to order the parties to arbitrate.

Finally, TCS contends that, at the very least, Williams must arbitrate whether she has standing to pursue a nonindividual PAGA claim. According to TCS, to establish that she is an "aggrieved employee" for purposes of bringing a PAGA claim, Williams must show that she was an employee of TCS and

13

that she suffered at least one of the alleged Labor Code violations giving rise to her claim. Whether she suffered a Labor Code violation, TCS argues, constitutes an individual "dispute" or "claim" arising out of her employment that falls within the scope of the parties' arbitration agreement. This argument lacks merit.

Standing "is essential to a claim because it goes to the 'existence of a cause of action.'" (*Anaheim Mobile Estates, LLC v. State of California* (2025) 113 Cal.App.5th 602, 614, quoting *Parker v. Bowron* (1953) 40 Cal.2d 344, 351.) In other words, a cause of action cannot exist without a showing that the plaintiff has standing to pursue it. (*Blumhorst v. Jewish Family Services of Los Angeles* (2005) 126 Cal.App.4th 993, 1000.)

As we explained above, Williams asserted only a nonindividual PAGA claim in her first amended complaint. The parties do not dispute that such a claim falls outside the scope of the parties' arbitration agreement because that agreement precludes an arbitrator from "presid[ing] over any form of a representative . . . proceeding." Because the issue of Williams's standing to bring a nonindividual PAGA claim is an essential component of that claim, it too falls outside the scope of the parties' arbitration agreement. Williams, therefore, "may not be compelled to arbitrate whether . . . she is an aggrieved employee." (*Contreras v. Superior Court* (2021) 61 Cal.App.5th 461, 477.)

In sum, we conclude that Williams did not allege an individual PAGA claim or any other individual claims that fall within the scope of the parties' arbitration agreement. Because there were no claims for the parties to arbitrate, the court did not err when it denied TCS's motion to compel arbitration. We therefore need not address TCS's argument that the court should

14

have stayed Williams's nonindividual PAGA claim pending the arbitration of any individual claims brought by Williams.

## DISPOSITION

The order denying TCS's motion to compel arbitration is affirmed.  Williams shall recover her costs on appeal.


VIRAMONTES, J.


WE CONCUR:


STRATTON, P. J.


UZCATEGUI, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.